## INLAND EMPIRE DIST. COUNCIL, LUMBER AND SAWMILL WORKERS UNION, LEWISTON, IDAHO, et al. v. GRAHAM et al.

### No. 827.

District Court, W. D. Washington, N. D.

Nov. 6, 1943.

George E. Flood and C. P. Borberg, both of Seattle, Wash., for plaintiffs.

William A. Babcock, Jr., Seattle, Wash., for defendants.

BLACK, District Judge.

The matter before the court is presented to it upon the complaint for temporary restraining order, interlocutory and permanent injunction of the Inland Empire District Council, Lumber and Sawmill Workers Union, Lewiston, Idaho, certain locals and members thereof affiliated with the American Federation of Labor, as plaintiffs, against Thomas P. Graham, Jr., and William A. Babcock, Jr., it being alleged and conceded that the defendant, Thomas P. Graham, Jr., is the Regional Director of and for the National Labor Relations Board with jurisdiction over the 19th Regional District having jurisdiction, among other places, in the State of Idaho, and that the defendant, William A. Babcock, Jr., is the Regional Attorney for such National Labor Relations Board within such 19th Regional District. It is further alleged that the plaintiffs are all residents of Idaho and that the two defendants are residents of Washington, and that the sum in controversy exceeds $10,000. The prayer of the complaint is that the defendants and all persons acting under them be restrained and enjoined from holding an election directed by the National Labor Relations Board of the employees of the Potlatch Forests, Inc., which is and has been engaged in lumbering and sawmill operations in Idaho.

A show cause order was issued on Wednesday of this week, returnable yesterday, ordering the defendants to show cause why they should not be temporarily restrained pending further order of the court from holding the election which it is alleged is to be held on the 9th, 10th, 11th and perhaps the 12th of this month.

The court, by reason of other matters, had no opportunity to familiarize itself with the issues or questions before the hearing. It has had the advantage of argument by the attorneys for plaintiffs and defendants, which arguments have demonstrated much careful preparation by respective counsel.

The defendants appeared in the proceedings by a motion to dismiss upon the grounds that the court was without jurisdiction over the subject matter of the action and the complaint failed to state a claim on which relief can be granted. This last ground was divided into the following subdivisions: (a) that the complaint on its face shows that the plaintiffs are not threatened with or in danger of suffering any irreparable or immediate injury; (b) that plaintiffs have a complete remedy under the National Labor Relations Act, 29 U.S.C.A. § 151 et seq., and that the complaint affirmatively shows that that remedy has not been exhausted; (c) that under the complaint the action of the Board complained of was neither arbitrary, capricious, illegal or erroneous or prejudicial to plaintiffs; and (d) that the National Labor Relations Board is an indispensable party or its constituent members are indispensable parties.

The imminence of the election requires that the court announce its decision now. I would much prefer having more time, first for study, and second for the determination of the language explaining my holding. An early decision is more important than more study or better phrasing than I will be able to give now orally.

I was very interested in the recent decision of Judge Schwellenbach,[1] who stated that the short allowance of time to him would prevent his opinion being profound. But inasmuch as through his Senatorial experience he had much acquaintance with many important phases of the subject I feel that any handicap he may have had is multiplied at least one hundred fold in my case.

The question before me is of first impression as far as I am concerned. I am rather doubtful from the authorities presented to me that the exact question at issue has troubled any other court. In some respects I agree with the contentions of one counsel and in some respects with the contentions of the other, and on certain phases with neither counsel.

The contention of plaintiffs, in short, is that there was no hearing in connection with the petition of the C. I. O. unions for the election ordered by the Board and that therefore an election will be void. It is the contention of the defendants that there was a hearing, that the plaintiffs were only displeased because they were not allowed a further hearing, and that therefore the election will be entirely legitimate.

■ Reference to the act in due course will be very appropriate. I am deciding this question upon the sufficiency of plaintiffs' pleadings as presented to me. All facts properly pleaded, together with all reasonable inferences therefrom, are to be considered as true in favor of plaintiffs at this stage of the proceeding. Plaintiffs allege that earlier this year pursuant to two petitions by certain C.I.O. unions that a hearing was had at which all necessary or proper parties to such controversy were represented or present. The complaint further alleges that after such hearing the decision was in favor of the plaintiffs and that those plaintiffs were dismissed and terminated. The complaint further alleges that thereafter a new and independent petition was presented in which a different relief was asked for than in connection with the original petitions. The complaint alleges that nevertheless the Board did not call for nor hold any hearing in connection with such new and independent petition but entered an order to the effect that the two dismissed petitions were revitalized and combined with the new and independent petition and that thereupon the Board entered an order as to such new and independent petition based upon a hearing which was held before said new petition had any existence.

Subdivision (c) of Section 9 of the Act as it was passed in 1935, being Subdivision (c) of § 159, Title 29 U.S.C.A., as it appears in the Code, reads as follows: "(c) Whenever a question affecting commerce arises concerning the representation of employees, the Board may investigate such controversy and certify to the parties, in writing, the name or names of the representatives that have been designated or selected. In any such investigation, the Board shall provide for an appropriate hearing upon due notice, either in conjunction with a proceeding under section 160 of this title or otherwise, and may take a

secret ballot of employees, or utilize any other suitable method to ascertain such representatives."

Section 6 of the Act, and probably Section 156 of Title 29 U.S.C.A., provides: "The Board shall have authority from time to time to make, amend, and rescind such rules and regulations as may be necessary to carry out the provisions of sections 151–166 of this title. Such rules and regulations shall be effective upon publication in the manner which the Board shall prescribe."

Under Article III of the Rules and Regulations effective October 28, 1942, which I have been assured are those now in effect, I find the procedure under Section 9(c) of the Act or Section 159(c) of 29 U.S.C.A. for the investigation and certification of representatives. Section 3 of said Article III contains this language:

"After a petition has been filed, if it appears to the Regional Director that an investigation should be instituted he shall institute such investigation by issuing a notice of hearing * * * The Regional Director shall prepare and cause to be served upon the petitioners and upon the employer or employers involved (all of whom are hereinafter referred to as 'the parties'), and upon any known individuals or labor organizations purporting to act as representatives of any employees directly affected by such investigation, a notice of hearing upon the question of representation * * *."

Section 10 of Article III provides for the election after such hearing in the event an election be called.

Article IV of the Rules and Regulations designates the Regional Director and the Regional Attorney as agents of the Board.

The A. F. of L. plaintiff unions now have a contract with the employing company. They, of course, are opposed to an election. It can give them no more than they now have, and the C.I.O. petitioning unions having no contract, of course, greatly desire the election. They have nothing to lose. The plaintiffs fear that the C.I.O. unions have much to gain.

There are many problems. One is whether or not this action can proceed in the absence of the National Labor Relations Board as a party or its constituent members as parties. It should be considered at least whether or not this action may proceed in the absence of the employing company and the C.I.O. petitioning unions as parties.

It is vigorously insisted by the defendants that the plaintiffs have not been hurt and will not be hurt at all unless the election actually goes against them nor then unless the C.I.O. unions are certified by the Board as the employees' representative in collective bargaining with the company and the company accepts such certification and proceeds to deal with the C.I.O. unions.

Both sides seem to agree that there is no remedy by review. It is the position of the defendants that the courts have no authority in any connection either before or after the election and before or after any certification. At least I have understood from the arguments of defense counsel that the defendants' position is that the defendants and the Board are immune from any judicial action whether they do or do not have a hearing.

The decision of the United States Supreme Court in American Federation of Labor v. N. L. R. B., 308 U.S. 401, 60 S.Ct. 300, 84 L.Ed. 347, in an expression of the court not necessary to the decision, in my mind, does not entirely support defense contentions. It would seem that the Supreme Court was not convinced that an equitable action at a proper time could not be heard in a United States District Court. Other decisions presented to me would indicate that some other courts have not been so convinced. In fact, in the cause of International Brotherhood of Electrical Workers v. N. L. R. B., decided in March of 1940, reported in 41 F.Supp., beginning at page 57, Judge Moinet enjoined an election by the N.L.R.B., and so far as I know his injunction was accepted and never appealed from.

I am not convinced that the National Labor Relations Board is an indispensable party. The language of the cases presented by counsel for the defendants in connection with exceptions to their holdings is not persuasive that the defense contention is necessarily sound. I am not convinced that the plaintiffs are not threatened with very serious injury. I certainly am not convinced that the court is without jurisdiction over the subject matter of the action. From what has been said to me in this courtroom yesterday and today instead of being convinced that the plaintiffs have a complete and adequate remedy under the

---

1 No opinion for publication.

National Labor Relations Act I am very much of the opinion that the contrary is true.

A reference again to the wording of the Act is very important. Subdivision (c) of Section 9, or of Section 159, Title 29, U.S.C.A., includes this language: "* * * the Board may investigate such controversy and certify to the parties, in writing, the name or names of the representatives that have been designated or selected. In any such investigation, the Board shall provide for an appropriate hearing upon due notice, * * * and may take a secret ballot of employees * * *."

It will be noted that the statute says that the Board "shall" have a hearing; it "may" have an election. There can be no doubt but that a hearing is a prerequisite to the validity of any certification. The Rules and Regulations of the Board, in compliance with the statute, in Section 3 of Article III contain this language: "The Regional Director shall prepare and cause to be served * * * a notice of hearing * * *."

It might seem that I have decided the question.

If, in fact, there was no hearing I am of the opinion that any election that will be held will be a nullity. I am satisfied if there were no hearing any certification by the Board will be ineffectual. It must not be forgotten that the National Labor Relations Board is a statutory organization. When it acts within the authority that the law gives it, its decisions are very binding. The review provided by statute in those cases where a review is provided are much circumscribed and controlled by the decision of the Board. But this statutory Board must act in accordance with the law. The law, as well as its own rules, completely require a hearing, before there can be a certification. It must not be forgotten that the election is permissive—the hearing is demanded.

I think there is much merit in the contention of the plaintiffs that a hearing on two petitions held before the last petition was thought of cannot ex post facto be made a valid hearing for the last petition.

I think there is much merit in the contention of the defendants that this action is premature.

The plaintiffs will not be injured in any respect that this court has any right to consider at least until after an election has gone against the plaintiffs. The plaintiffs fear the result of the election. Their fears may be groundless. I will not decide whether after the election and before certification any prematurity has ended or whether a proceeding would still be premature until at least the Board had certified the result of the election. The problem before me is what I ought to do this afternoon. I have been very careful in stating at different places that I was not convinced of certain things rather than that I was convinced of the contrary because I am not attempting to decide things that are not before me. I may say, however, that under the allegations of the complaint, as well as under the statements in open court of defense counsel, that I am much inclined to the view that there was no hearing at all that would support any certification. Under the allegations of the complaint and the statements of defense counsel I am much inclined to the view that the election and the certification on the election would therefore be a nullity. I have been careful to say, "I am much inclined".

It would seem to me that all parties would gain much advantage if an election is had that there be unquestionably a hearing to support it. But at this stage of the proceedings I have no right, under the law as I understand it, to prevent the Director and Attorney from conducting an election next week even though it seems to me this afternoon that such will constitute idle motion.

I have not overlooked the contention of the plaintiffs that the appropriations rider mentioned in the complaint and adopted earlier this year would prevent an investigation. I am strongly inclined to the opinion that the plaintiffs are mistaken in that regard. The language of that rider applied to complaints and not to petitions for investigation and certificates of the representatives. The Rules and Regulations of the Board making very plain the distinction between complaints and investigations were in existence long before that Appropriations rider was adopted. Its language must be deemed to have been chosen in the light of the Board's distinction. If Congress should have included investigations along with complaints its failure to do so was the responsibility of Congress. The argument of defendants was quite persuasive to the effect that the rider is not a prohibition of action by the Board but is a prohibition of

the application of the appropriation in payment therefor.

It necessarily follows from what I have said that the complaint should be dismissed but such dismissal should be without prejudice of any kind or nature whatsoever.

Appropriate orders are requested.

It will be understood that all rulings by the court adverse to the plaintiffs are deemed excepted to and exceptions are allowed.